Anna Y. Park, SBN 164242
Michael Farrell, SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2300 Tulare Street, Suite 215
Fresno, CA 93721
Telephone: (559) 487-5135
Facsimile: (559) 487-5053
E-Mail: rumduol.vuong@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>OLAM AMERICAS, INC., OLAM WEST COAST d/b/a OLAM SPICES AND VEGETABLES, INC., OLAM TOMATO PROCESSORS, INC., and DOES 1-5, Inclusive,<br><br>Defendants | Case No.: _____<br><br>**COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>**(42 U.S.C. §§2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

-1-

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Jennifer Heintz ("Charging Party"). Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), alleges that Defendant, Olam Americas, Inc., Olam West Coast d/b/a Olam Spices and Vegetables, Inc., Olam Tomato Processors, Inc., and DOES 1-5 (collectively "Defendants" or "Olam"), discriminated against Jennifer Heintz by failing to hire her because of her pregnancy, a condition of her sex female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

4. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the Pregnancy Discrimination Act of 1978, and is expressly authorized to bring this action under Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. At all relevant times, Olam Americas Inc. has continuously been a corporation

1 | doing business in California and has continuously had at least fifteen (15) employees.

2 |     6.    At all relevant times, Olam Americas, Inc. has continuously been an employer
3 | engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h)
4 | of Title VII, 42 U.S.C. §§ 2000e-1(b), (g) and (h).

5 |     7.    At all relevant times, Olam West Coast d/b/a Olam Spices and Vegetables has
6 | continuously been a corporation doing business in California and has continuously had at least
7 | fifteen (15) employees.

8 |     8.    At all relevant times, Olam West Coast d/b/a Olam Spices and Vegetables has
9 | continuously been an employer engaged in an industry affecting commerce within the meaning
10 | of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1(b), (g) and (h).

11 |     9.    At all relevant times, Olam Tomato Processors, Inc. has continuously been a
12 | corporation doing business in California and has continuously had at least fifteen (15)
13 | employees.

14 |     10.    At all relevant times, Olam Tomato Processors, Inc. has continuously been an
15 | employer engaged in an industry affecting commerce within the meaning of Sections 701(b),
16 | (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1(b), (g) and (h).

17 |     11.    Plaintiff is ignorant of the true names and capacities of Defendants sued as
18 | DOES 1-5, inclusive.  Therefore, Plaintiff sues Defendants, DOES 1-5, inclusive by such
19 | fictitious names.  Plaintiff reserves the right to amend the complaint to name the DOE
20 | defendants individually or corporately as they become known.  Plaintiff alleges that each of the
21 | defendants named as DOES was in some manner responsible for the acts and omissions alleged
22 | in this Complaint and Plaintiff will amend the Complaint to allege such responsibility when the
23 | identity of the defendant is ascertained by Plaintiff.

24 |     12.    All of the acts and failures to act, as alleged herein, were duly performed by and
25 | attributable to each Defendant, acting as a successor, alter ego, joint employer, integrated
26 | enterprise, agent, employee, or under the direction and control of the others, except as
27 | specifically alleged otherwise.  Olam West Coast, Inc. d/b/a Olam Spices and Vegetables, and
28 | Olam Tomato Processors, Inc., are divisions within Olam Americas, Inc.  Said acts and failures

1  to act were within the scope of such agency and/or employment, and each Defendant
2  participated in, approved and/or ratified the unlawful acts and omissions by other Defendants as
3  stated in this Complaint.  Whenever and wherever reference is made in this Complaint to any
4  act by a defendant or defendants, such allegations and reference shall also be deemed to mean
5  the acts and failures to act of each defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

8      13.    More than thirty days prior to the institution of this lawsuit, Jennifer Heintz filed a charge with the Commission alleging Defendants had violated Title VII and the Pregnancy Discrimination Act of 1978.

11      14.    The Commission investigated the charges and issued a Letter of Determination finding that Defendants had discriminated against Charging Party because of her pregnancy, a condition of her sex (female).  Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices alleged herein and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6.  All condition precedents to the institution of this lawsuit have been fulfilled.

18      15.    Since at least 2010, Defendants have engaged in unlawful employment practices in violation of Section 703 and Section 706 of Title VII, 42 U.S.C. § 2000e-2, by subjecting Charging Party to discrimination because of her pregnancy, a condition of her sex (female). Defendants discriminated against Charging Party by failing to hire her because of her pregnancy, a condition of her sex (female).  In November 2010, Charging Party was recruited by a staffing service company for the position of an executive assistant with Olam West Coast d/b/a Olam Spices and Vegetables, a division of Olam Americas, Inc.  The executive assistant position entailed assisting the respective presidents for both Olam West Coast d/b/a Spices and Vegetables and Olam Tomato Processors, Inc.

27      16.    Charging Party applied for the position of an executive assistant with Defendants in November 2010.  Charging Party interviewed with the presidents of Olam West Coast d/b/a

Olam Spices and Vegetables and Olam Tomato Processors, Inc., who along with the human resource director, made the decisions on who to hire for the executive assistant position to support both companies. Charging Party was offered the executive assistant position on or about December 6, 2010. On the same day, Charging Party accepted the offer and informed Defendants she was pregnant. Three days later after being informed of Charging Party's pregnancy, on or about December 9, 2010, Defendants rescinded Charging Party's employment offer due to Charging Party's pregnancy. Defendants further provided a false reason to Charging Party for why her employment offer was being rescinded by Defendants. Charging Party was told that Defendants were holding off on hiring for the position; in fact, Defendants were interviewing candidates for the position in the days following the rescission. Defendants filled the position on or about December 13, 2010 with another applicant who was lesser qualified and who was not pregnant. Thus, Defendants deprived Charging Party of equal employment opportunities given to others not affected by pregnancy.

17. Since at least 2010, Defendants have engaged in unlawful employment practices in violation of Section 703 and Section 706 of Title VII, 42 U.S.C. § 2000e-2, and the Pregnancy Discrimination Act of 1978. The unlawful employment practices include Defendants' failure to hire Charging Party because of her pregnancy, a condition of her sex (female).

18. The unlawful employment practices complained of above were done intentionally and with malice and/or with reckless indifference to the federally protected rights of Charging Party.

19. As a direct and proximate result of Defendants' acts as stated above, Charging Party has suffered emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and damages, all to be proven at trial.

20. As a direct and proximate result of Defendants' acts as stated above, Charging Party has suffered loss of earnings including backpay, frontpay, and benefits in amounts according to proof.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining each Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the of sex, female (pregnancy);

B. Order each Defendant to institute and carry out policies, practices, and programs which prohibit discrimination based on sex (pregnancy) and any other employment practice which discriminates based on basis of sex (pregnancy), and which eradicate the effects of its past and present unlawful employment practices;

C. Order each Defendant to make whole Charging Party by providing compensation for past and future pecuniary loss, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order each Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. Order each Defendant to pay Charging Party punitive damages for its intentional, malicious, and reckless indifferent conduct described above, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Date: September 13, 2011

BY: /s/ Anna Y. Park
ANNA Y. PARK
Regional Attorney

MICHAEL FARRELL
Supervisory Trial Attorney

RUMDUOL VUONG
Trial Attorney

U.S. Equal Employment Opportunity Commission
Los Angeles District Office