Anna Y. Park, SBN 164242
Michael Farrell, SBN 266553
Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>OLAM AMERICAS, INC., OLAM WEST COAST d/b/a OLAM SPICES AND VEGETABLES, INC., OLAM TOMATO PROCESSORS, INC., and DOES 1-5, Inclusive,<br><br>Defendants | Case No: 1:11-CV-01548 LJO SMS<br><br><br>**CONSENT DECREE** |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendants Olam Americas, Inc., Olam West Coast d/b/a Olam Spices and Vegetables, Inc., and Olam Tomato Processors, Inc., ("Olam" or "Defendants") hereby stipulate and agree to entry of this Consent Decree ("Decree") to resolve the Commission's complaint against Defendants in U.S. Equal Employment Opportunity Commission v. Olam Americas, Inc., et al., Case No. 1:11-CV-1548 LJO SMS  (the "Action").  On September 13, 2011 the EEOC filed this Action in the United States District Court for the Eastern District of California, alleging that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991.  Specifically, the Action alleges that Defendants unlawfully discriminated against Charging Party Jennifer Heintz by denying her employment on the basis of her pregnancy, a condition of her sex (female).

1    Defendants deny the claims and allegations raised by the EEOC in the Action.  No

2 determination of liability has been made by any court regarding the allegations raised in the

3 Action.

4    **I.    <u>PURPOSES AND SCOPE OF THE DECREE</u>**

5    A.    The EEOC and Defendants (collectively, the "Parties") agree that this Action

6 should be fully and completely resolved by entry of this Consent Decree.  This Decree shall be

7 binding on and enforceable against Defendants and their officers, directors, agents, successors, and

8 assigns.

9    B.    Defendants make no admission of liability, express or implied, by entering into this

10 Decree.

11    C.    This Decree offers an expedient and cost-effective alternative to the onerous costs

12 of litigation.

13    D.    The Parties have entered into this Decree for the following purposes:

14    1.    To fully and finally settle and resolve all allegations and legal claims made

15       by the EEOC in this Action, including any claims that were asserted in

16       EEOC Charge No. 485-2011-00203 filed by Jennifer Heintz;

17    2.    To ensure that Defendants' employment practices comply with federal law;

18    3.    To ensure a work environment free from sex discrimination, especially as it

19       relates to pregnancy discrimination;

20    4.    To ensure training for Defendants' managers and employees with respect to

21       federal law regarding sex discrimination;

22    5.    To provide an appropriate and effective mechanism for handling complaints

23       of sex discrimination in the workplace; and

24    6.    To avoid the expenses and costs incident to this litigation.

25    **II.    <u>RELEASE OF CLAIMS</u>**

26    A.    This Decree fully and completely resolves all issues, claims and allegations raised

27 by the EEOC against Defendants in this Action.

28 / / /

1       B.      Nothing in this Decree shall be construed to preclude EEOC from bringing suit to

2  enforce this Decree in the event that Defendants fail to perform the promises and representations

3  contained herein.

4       C.      Nothing in this Decree shall be construed to limit or reduce Defendants' obligations

5  to comply fully with Title VII or any other federal employment statute.

6       D.      This Decree in no way affects the EEOC's right to bring, process, investigate, or

7  litigate other charges unrelated to the claims raised in this Action that may be in existence or may

8  later arise against Defendants in accordance with standard EEOC procedures.

9                 **III.**    **JURISDICTION**

10       A.      The Court has jurisdiction over the Parties and the subject matter of this Action.

11       B.      The terms and provisions of this Decree are fair, reasonable, and just.

12       C.      This Decree conforms with the Federal Rules of Civil Procedure and Title VII and

13  is not in derogation of the rights or privileges of any person.

14       D.      The Court shall retain jurisdiction of this action during the duration of the Decree

15  for the purposes of entering any order, judgment, or decree that may be necessary to implement

16  the relief provided herein.

17             **IV.**    **EFFECTIVE DATE AND DURATION OF DECREE**

18       A.      The provisions and agreements contained herein are effective immediately upon the

19  date which this Decree is entered by the Court ("the Effective Date").

20       B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3)

21  years after the Effective Date with respect to the requirements and relief applicable to the Western

22  Regional Headquarters in Fresno, California.  This Decree shall remain in effect for two (2) years

23  after the Effective Date with respect to the requirements and relief applicable to the six facilities in

24  Hanford, Williams, Lemoore, Gilroy, Modesto, and Firebaugh, California owned or operated by

25  Olam West Coast d/b/a Olam Spices and Vegetables and Olam Tomato Processors, Inc

26              **V.**    **MODIFICATION AND SEVERABILITY**

27       A.      This Decree constitutes the complete understanding of the Parties with respect to

28  the matters contained herein.  No waiver, modification, or amendment of any provision of this

1    Decree will be effective unless made in writing and signed by an authorized representative of each

2    of the Parties.

3       B.      If one or more of the provisions of the Decree are rendered unlawful or

4    unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to

5    this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining

6    provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the

7    Parties' best efforts, be achieved.

8       C.      By mutual, written and signed agreement of the Parties, this Decree may be

9    amended or modified in the interests of justice and fairness in order to effectuate the provisions of

10   the Decree.

11          **VI.    COMPLIANCE AND RESOLUTION**

12      A.      The Parties agree that if the EEOC has reason to believe that Defendants have

13   failed to comply with any provision of this Decree, the EEOC may bring an action before this

14   Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendants and

15   its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the

16   particular provision(s) that the EEOC believes Defendants have breached.  Defendants shall have

17   thirty (30) days to attempt to resolve or cure the breach.  However, the parties can agree to extend

18   this period upon mutual, written and signed consent.

19      B.      The Parties agree to cooperate with each other and use reasonable efforts to resolve

20   any dispute referenced in the EEOC notice.

21      C.      After thirty (30) days have passed with no resolution or agreement to extend the

22   time further, the EEOC may petition this Court for resolution of the dispute, seeking all available

23   relief, including an extension of the term of the Decree for such period of time that the Court finds

24   the Decree was not complied with and/or any other relief that the Court may deem appropriate.

25          **VII.    MONETARY RELIEF**

26      A.      In settlement of this lawsuit, Defendants shall pay to Charging Party Jennifer

27   Heintz the total sum of one hundred forty thousand dollars ($140,000.00) as specified in this

28   section.

1.     Defendants shall forward to Charging Party Jennifer Heintz, via certified mail, a check in the amount of one hundred forty thousand dollars ($140,000.00).

B.     Within three (3) business days of the issuance of the settlement check, Defendants shall submit a copy of the check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

### VIII.   GENERAL INJUNCTIVE RELIEF

A.     <u>Anti Discrimination</u>

Defendants, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in any employment practice which discriminates against any individual in the terms and conditions of employment on the basis of their sex.  Specifically, Defendants are hereby enjoined from engaging in any practice which results in the denial of employment opportunities to any individuals on the basis of her pregnancy.

B.     <u>Retaliation</u>

Defendants, its officers, agents, management (including all supervisory employees), successors, assigns and all those in active concert or participation with them, or any of them, are hereby enjoined not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendants or its successors, or either of them, because he or she has in the past, or during the term of this Decree, (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendants or its successors) or proceeding in connection with this Action or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this Action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

/ / /

1        **IX.    SPECIFIC INJUNCTIVE RELIEF**

2        A.    Policies and Procedures

3        Defendants have reviewed, and if necessary revised, their written employment policies

4    prohibiting sex discrimination in their workplace (the "Policy").

5                1.    The Policy includes:

6                        a.    a clear and express prohibition against making any hiring decisions

7                              on the basis of sex;

8                        b.    a clear explanation of prohibited discriminatory conduct on the basis

9                              of sex, including pregnancy;

10                       c.    an assurance that employees who make complaints of sex

11                             discrimination or provide information related to such complaints

12                             will be protected against retaliation;

13                       d.    a clearly described complaint process for employees or applicants

14                             who believe they have been subjected to sex discrimination that

15                             provides internal and external avenues of complaints;

16                       e.    an assurance that Defendants will protect the confidentiality of

17                             discrimination complaints to the fullest extent possible from being

18                             disclosed;

19                       f.    a complaint process that provides a prompt, thorough, and impartial

20                             investigation;

21                       g.    a procedure for communicating with the complainant in writing

22                             regarding the status of the complaint / investigation, results of the

23                             investigation, and if any remedial action was taken; and

24                       h.    assurance that Defendants will take immediate and appropriate

25                             corrective action when it determines that sex discrimination has

26                             occurred.

27    / / /

28    / / /

1

2.   Procedure for Handling Complaints

2

Defendants further agree that its policy and complaint procedure shall state

3

how its staff will handle complaints of sex discrimination made by

4

employees.

5

3.   Performance Evaluations

6

Defendants shall hold their managers, supervisors, and human resources

7

personnel accountable for failing to comply with Defendants'

8

discrimination and anti-retaliation policies and procedures in such

9

supervisory employee's annual performance evaluation.

10

Within thirty (30) days of the Effective Date, Defendants shall ensure that it

11

has distributed the Policy to all employees and managers at the Western

12

Regional Headquarters located in Fresno, California and at the six facilities

13

in Hanford, Williams, Lemoore, Gilroy, Modesto, and Firebaugh, California

14

owned or operated by Olam West Coast d/b/a Olam Spices and Vegetables

15

and Olam Tomato Processors, Inc.  Distribution of the Policy shall entail

16

posting an electronic copy of the Policy on an intranet site accessible by

17

employees and managers when such intranet site is established, as well as

18

posting a physical copy of the Policy in an area accessible to employees and

19

managers.  Within thirty (30) days of the Effective Date, Defendants shall

20

submit to the EEOC a statement confirming the distribution of the Policy.

21

Defendants shall provide a copy of the Policy to all staffing agencies that

22

Defendants have entered into a contract with during the term of this

23

Consent Decree or whose services Defendants have used during the term of

24

this Consent Decree.  On an annual basis through the term of the Decree,

25

Defendants shall submit to the EEOC a statement confirming the

26

distribution of the Policy to staffing agencies pursuant to this paragraph.

27

(See Section IX.G, below.)

28

Within thirty (30) days of the hire date of any person hired after the initial

distribution but within the term of the Decree, Defendants shall ensure that it has distributed the Policy to that person in the manner described in Section IX.A.3, above.  On an annual basis through the term of the Decree, Defendants shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree.  (See Section IX.G, below.)

    4.    <u>EEOC Review and Approval of the Policy</u>

The EEOC reviewed Defendants' Policy.  The EEOC acknowledges that the reviewed Policy conforms with all of the requirements set forth in Sections IX.A.1 and IX.A.2 above.

B.    <u>Non-Discrimination Statement</u>

Within thirty (30) days of the Effective Date, Defendants shall ensure that it has included a non-discrimination statement, inclusive of pregnancy, in all external job postings, application materials, and contracts with staffing service agencies.  The non-discrimination statement shall be in substantially the following form: "_____ (name of the hiring entity, e.g., Olam Tomato Processors, Inc.) provides equality of opportunity for all persons with respect to hiring without discrimination on the grounds of race, color, religion, national origin, sex, pregnancy, age, disability, or sexual orientation."  Within thirty (30) days of the Effective Date, Defendants shall submit to the EEOC a statement confirming the inclusion of the non-discrimination statement.

C.    <u>Posting of Notice of Consent Decree and Settlement</u>

Within thirty (30) days of the Effective Date, Defendants shall ensure that it has posted the Notice of Consent Decree and Settlement (attached to this Decree as Attachment A) in a conspicuous place accessible to all employees in Defendants' Western Regional Headquarters Office located in Fresno, California.  Within thirty (30) days of the Effective Date, Defendants shall submit to the EEOC a statement confirming the posting of the Notice of Consent Decree and Settlement.

/ / /

/ / /

D.      Training

Defendants agree that EEO training will be conducted as follows:

 1. Employee Training

  Within one (1) year of the Effective Date Defendants shall provide orientation training to all employees not listed in Section IX.D.2 in the six manufacturing plants owned or operated by Olam West Coast d/b/a Olam Spices and Vegetables and Olam Tomato Processors, Inc. located in Hanford, Williams, Lemoore, Gilroy, Modesto, and Firebaugh, California that report to the Western Regional Headquarters Office in Fresno, California.  This annual orientation training shall include an equal employment opportunity component lasting as least thirty (30) minutes covering the Policy and federal laws regarding employment discrimination on the basis of sex with a particular emphasis on pregnancy discrimination. Human resource personnel shall be physically present during the equal employment opportunity component of the orientation to answer questions. All persons required to attend such training shall verify their attendance in writing.

  Within one (1) year after the orientation training described above, Defendants shall provide a second orientation in the same manner described above.  A total of two (2) orientation trainings pursuant to this section shall be provided pursuant to this Consent Decree, and no orientation training shall be required in the third year of the Consent Decree.

 2. Managerial and Human Resource Training

  Within one (1) year of the Effective Date and annually thereafter Defendants shall provide interactive training of at least one hour in duration to the managers, permanent supervisors, hiring officials, and human resources/compliance staff members in the Western Regional Headquarters Office in Fresno, California covering the Policy and compliance with

1   federal laws regarding employment discrimination on the basis of sex with a

2   particular emphasis on pregnancy discrimination.  All persons required to

3   attend such training shall verify their attendance in writing.

4   Within sixty (60) days of the hire date of any manager, permanent

5   supervisor, hiring official, or human resources/compliance staff member in

6   the Western Regional Headquarters Office in Fresno, California hired after

7   such training but within the term of the Decree, Defendants shall provide

8   training of at least one hour duration covering the Policy and compliance

9   with federal laws regarding employment discrimination on the basis of sex

10   with a particular emphasis on pregnancy discrimination.  All persons

11   required to attend such training shall verify their attendance in writing.

12   Within ninety (90) days of the Effective Date and annually thereafter

13   through the term of the Decree, Defendants shall produce to the EEOC

14   documents verifying the occurrence of all training sessions conducted as

15   required under this Decree, including the written training materials used, a

16   description of the training provided, a list of the individuals who conducted

17   the training, and a list of the names and job titles of attendees at each

18   training session.  (See Section IX.G, below.)

19   E.   Equal Employment Opportunity Consultant

20   Within thirty (30) days after the Effective Date, Defendants shall retain either Ray Steitz,

21   Senior Vice President of Human Resources, or his designee, Gina Moller, Regional Director of

22   Human Resources as an Equal Employment Opportunity Consultant ("Monitor").  In the event that

23   Defendants create the new position of Senior Director of Human Resources, Defendants may

24   designate this individual as the Monitor with the written consent of the EEOC, which shall not be

25   withheld arbitrarily. The Monitor's responsibilities shall include assisting Defendants:

26   1.   to develop procedures in recruiting, screening, interviewing, selecting,

27   rejecting and hiring individuals without regard to their sex;

28   / / /

2.      to ensure that all reports required by this Decree are accurately compiled and timely submitted;

3.      to ensure compliance with the terms of this Decree;

4.      to implement the Policy and the reporting procedure to more effectively carry out Defendants' obligations under this Decree;

5.      to train managerial and staff/hourly employees on their rights and responsibilities under Title VII, including, but not limited to, the responsibilities to provide a workplace free of discrimination and the recruiting and hiring of individuals in compliance with the Title VII;

6.      to train all employees on the Policy;

7.      to monitor and to ensure that the investigation of complaints of sex discrimination adheres to the Policy;

8.      to communicate with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken; and

9.      to enforce consistent disciplinary policies to hold employees and managers accountable for failing to take necessary action and/or for engaging in conduct prohibited under this Decree.

F.    <u>Record Keeping</u>

Defendants shall establish a record-keeping procedure that provides for the centralized tracking of discrimination complaints as well as the monitoring of such complaints, including the identities of the parties involved.  The records to be maintained shall include all documents generated through the duration of the Decree in connection with any complaint, any investigation into any complaint, and any resolution of any complaint.

G.    <u>Reporting</u>

Defendants shall provide the following reports annually throughout the term of the Decree:

1.      The attendance lists for all training sessions required under this Decree that took place during the previous twelve months;

2.      Acknowledgments of receipt of the Policy required in Section IX.A;

3.      A description of all sex discrimination and/or retaliation complaints made since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging discrimination or retaliation; the nature of the complaint; the names of the alleged perpetrators of discrimination or retaliation; the dates of the alleged discrimination or retaliation; a brief summary of how each complaint was resolved; and the identity of the employee(s) who investigated and/or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report; and

4.      Verification that the Notice of Consent Decree and Settlement and Policy has continued to be posted in a conspicuous place accessible to all employees.

## X.      MISCELLANEOUS PROVISIONS

A.      During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any of all of Defendants' facilities, or any other material change in corporate structure.  Defendants shall simultaneously inform the EEOC of any such agreement for acquisition, assumption of control, or other material change in corporate structure.

B.      During the term of this Decree, Defendants shall assure that each of its officers, managers, and supervisors is aware of any term(s) of this Decree which may be related to his or her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; facsimile number (213) 894-1301.

/ / /

1

## XI.    COSTS AND ATTORNEYS' FEES

2          Each party shall bear its own costs of suit and attorneys' fees.

3          All parties, through the undersigned, respectfully apply for and consent to the entry of this

4    Consent Decree Order.

5                                                            Respectfully Submitted,

6                                                            U.S. EQUAL EMPLOYMENT
                                                           OPPORTUNITY COMMISSION
7                                                            Anna Y. Park
                                                           Michael J. Farrell
8

9    Date: _____          By:   _____

10                                                           Anna Y. Park
                                                           Attorneys for Plaintiff EEOC
11

12                                                           OLAM AMERICAS, INC., OLAM WEST
                                                           COAST d/b/a OLAM SPICES AND
13                                                           VEGETABLES, INC., and OLAM TOMATO
                                                           PROCESSORS, INC.
14

15   Date: _____          By:   _____

16                                                           for Defendant Olam Americas, Inc., Olam
                                                           West Coast d/b/a Olam Spices and
17                                                           Vegetables, Inc., and Olam Tomato
                                                           Processors, Inc.
18

19

20                                                           Gary Lento
                                                           Andrew Woo
21

22   Date: _____          By:   _____

23                                                           Attorneys for Defendant Olam Americas,
                                                           Inc., Olam West Coast d/b/a Olam Spices and
24                                                           Vegetables, Inc., and Olam Tomato
                                                           Processors, Inc.
25

26

27

28

1076881v1 / 16643.0011

1    **<u>ORDER</u>**

2    **GOOD CAUSE APPEARING:**

3         The Court hereby finds that compliance with all provisions of the foregoing Decree is fair

4    and adequate.  The Court hereby retains jurisdiction for the term of the foregoing Consent Decree,

5    and the provisions thereof are hereby approved.

6              The clerk is directed to close this action.

7

8

9    IT IS SO ORDERED.

10    Dated:   **March 15, 2012**              **/s/ Lawrence J. O'Neill**

11                                         UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28